JS 44
(Rev. 07/89)

# 113932

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Rodolfo Vargas-Lazarit

**DEFENDANTS**
E.M. Trominski, INS District Director

B-00-100

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U S PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
956-421-3226

**ATTORNEYS (IF KNOWN)**
Lisa Putnam & Cheri Jones
SAUSAS
PO Box 1711
Harlingen, Tx 78551

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC § 2241 Habeas to review final deportation order

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint:  **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
Aguado v Trominski + Coronel v Trominski (and others)
JUDGE Hon. Filemon Vela   DOCKET NUMBER CA B-99-160 CA B-00-058

DATE 6/29/00   SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 29 2000

Michael N. Milby
Clerk of Court

RODOLFO VARGAS-LAZARIT    )
                          )
v.                        )   C.A. No. B-00-100
                          )
E.M. TROMINSKI, INS DISTRICT )
    DIRECTOR             )
_____)

PETITION FOR WRIT OF HABEAS CORPUS

Comes Rodolfo Vargas-Lazarit, by and through the undersigned, and, pursuant to 28 U.S.C. §2241(c)(1) and (c)(3),[1] files the instant Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, (the "Board"), dated June 21, 2000, (Petitioner's Exhibit A, herein incorporated by reference), ordering that he be deported to Mexico.

I. THE FACTS AND PROCEDURAL HISTORY

1. Petitioner is a native and citizen of Mexico who has resided in the United States as a permanent resident since June 28, 1973. His wife is also a lawful permanent resident. He has nine children, all U.S. citizens. Four of his children still reside at home.

2. On May 22, 1989, Mr. Vargas pled guilty to the offense of simple possession of between five and fifty pounds of marijuana, for which offense was granted probation. Had the law at that time been such that his plea of guilty would have precluded him from seeking relief from deportation, he would never have pleaded guilty. In fact, he considered that he was innocent of the offense. However, the risks of trial were such that had he gone to trial, and lost, he would have risked a lengthy prison sentence.

---

[1] As held in *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999), this Court has habeas jurisdiction herein.

He therefore followed his attorney's recommendation, and, in reliance on the availability of §212(c) relief from deportation, which he reasonably believed he had a good chance of receiving,[2] he accepted the plea bargain offered by the government, which included ten years probation. He successfully completed his probation, and was discharged exceptionally early, in 1992. He has had no further problems with the law.

3. Shortly thereafter, INS commenced deportation proceedings, alleging deportability on the grounds that Mr. Vargas had been convicted of an offense relating to a controlled substance. Mr. Vargas acknowledged deportability, and requested relief under §212(c) of the Act. Following a hearing, his application was denied in the exercise of discretion, because the Immigration Judge erroneously concluded that certain inconsistencies between his testimony, and that of his wife, proved that he had intentionally given false testimony under oath.

4. Through prior counsel, Mr. Vargas appealed this denial, but his

---

[2] The attorney representing him in the criminal proceedings assured him that, if he pled guilty, he would not go to jail, and all but guaranteed that he would not lose his status as a permanent resident. Indeed, as found by the First Circuit in *Goncalves v. Reno,* 144 F.3d 110, 128 (1st Cir. 1998), from fiscal years 1989 through 1994, "over half of all applications for § 212(c) relief were granted by the agency." Mr. Vargas had "outstanding equities" in at least two areas - his lengthy residency, and his extensive family ties. He also had significant equities in terms of property and employment in the U.S., hardship to his wife, family, and himself, and his otherwise clean record. These facts should have warranted a grant of §212(c) relief. The merit to his various motions is further supported by the fact that they were denied only on the grounds of alleged statutory ineligibility, after having been pending for many years. See, e.g., *In re Arreguin,* 21 I&N Dec. 38 (BIA 1995); *Diaz-Resendez v. INS,* 960 F.2d 493 (5th Cir. 1992); and *Matter of Peña-Diaz,* 20 I&N Dec. 841 (BIA 1994).

2

appeal was dismissed on November 21, 1994. (Petitioner's Exhibit A, hereby incorporated by reference). Prior counsel thereafter referred the case to the undersigned. On December 19, 1994, within the period of time permitted for judicial review, and in reliance on *Pierre v. INS,* Mr. Vargas filed a Motion To Reconsider and Remand. On January 17, 1995, INS stayed his deportation, placing him under supervision. INS subsequently extended employment authorization, which has been renewed annually to the present.

5. In August of 1996, shortly after the effective date of the new 8 C.F.R. §3.2(c)(1), Mr. Vargas amended his motion. He sought reopening under said section, to seek further consideration of his application for §212(c) relief. And in September of 1999, when ten years had lapsed following the conviction, Mr. Vargas again amended his motion, to request suspension of deportation under 8 U.S.C. §12564(a)(2). *See, Matter of Peña-Diaz. supra.*

6. On June 21, 2000, the BIA denied his motions to reconsider, remand, and reopen, on the grounds that, due to various changes in the law, he was allegedly no longer statutorily eligible either for §212(c) relief, or for suspension of deportation. (Petitioner's Exhibit B, herein incorporated by reference).

## II. THE CAUSES OF ACTION

The instant petition challenges the decision of the Attorney General in *Matter of Soriano, supra*, on the grounds that Congress did not intend that AEDPA §440(d) be applied retroactively to cases pending at the time of enactment, or in instances where an immigrant pled guilty to criminal charges, in reliance on the availability of §212(c) relief. The case therefore falls within the series of habeas petitions which the parties agreed would be

3

governed by *Cantu-Salinas v. Trominski,* No. C.A. B-97-183, decided August 26, 1998, Hon. Filemon B. Vela presiding. In said case, Judge Vela held that the Court had jurisdiction under 28 U.S.C. §2241, that Congress did not intend for AEDPA §440(d) to be applied to convictions predating its enactment.

Although this contention was rejected in *Requena-Rodriguez v. Pasquarell,* 190 F.3d 299 (5th Cir. 1999), the Court specifically left open the possibility that there retroactive effect, and that therefore AEDPA §440(d) did not apply where, as here, the resident was under proceedings when AEDPA was enacted, *id*. at 308, n.26. The Court also left open the possibility of retroactive effect where the resident *actually* relied on the availability of §212(c) relief in opting to plead guilty to the offense. *Id*. at. 308.

Further, Mr. Vargas contends that, *as applied to him*, AEDPA §440(d) violates Equal Protection, for two reasons. First, pursuant to *In re Fuentes-Campos,* I.D. 3318 (BIA 1997), it restricts access to relief only where the resident is seeking relief from deportation, and does not apply to exclusion proceedings. In *Requena-Rodriguez, supra,* the Fifth Circuit concluded that this did not violate Equal Protection, **on its face**, because it induced residents under deportation proceedings to leave the country, by offering the hope that if they did so, they could again seek readmission, and at that time, be eligible for a §212(c) waiver. However, **as applied** to Mr. Vargas, this rational is inapposite. At the time AEDPA was enacted, he was under a deportation order, and had a motion to reconsider and remand pending before the BIA. Had he departed at that time, the deportation order would have been executed, and his

4

motion deemed withdrawn. See, 8 C.F.R. §§3.2(d) and 241.7.

Moreover, AEDPA §440(d) bases eligibility solely on the speed with which a given case moves through the administrative process, thereby creating two otherwise equal classes: those whose cases are concluded by a given date, and those which are still pending on that date. See, Logan v. Zimmerman Brush, 455 U.S. 422 (1982), where seven of the nine Justices considered that Equal Protection was denied where a statute extinguished a cause of action if the case was not processed in a timely fashion.

Petitioner further asserts that the BIA improperly deprived him of the opportunity to seek adjustment of status, in conjunction with a §212(c) waiver of the ground of exclusion created by his conviction. See, In re Fuentes-Campos, supra; and In re Gonzalez-Camarillo, 21 I&N Dec. 937 (BIA 1997).

Finally, since Petitioner filed a motion to reconsider the BIA's decision of November 21, 1994 within the thirty-day period for seeking judicial review, in reliance on Pierre v. INS, supra, holding that, by so doing, he would be able to obtain judicial review of both decisions, if the motion to reconsider were denied, he did not "deliberately by-pass" judicial review, within the meaning of U.S. ex. rel Marcello v. INS, 634 F.2d 964, 971 (5th Cir), cert denied, 452 U.S. 917 (1981), and this Court may also review the 1994 order.

Respectfully Submitted,

5

*[signature: Lisa S. Brodyaga]*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Fed. ID. No.: 1178
Texas Bar No.: 03052800

## VERIFICATION

I, Rodolfo Vargas, hereby certify that ~~I have read~~ the facts stated above, and that they are true and correct to the best of my knowledge and belief. *were read and explained to me in Spanish by attorney Lisa Brodyaga*

*[signature: Rodolfo Vargas]*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with Exhibits A and B, were personally served on the Office of Lisa Putnam and Cheri Jones, SAUSAs, 1701 Zoy St., Harlingen, Texas, this 29th day of June, 2000.

*[signature]*

6

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_Southern_ DISTRICT OF _Texas_

Rodolfo Vargas-Lazant

v.

EM Trominski, INS District Director

SUMMONS IN A CIVIL ACTION

CASE NUMBER: **B-00-100**

TO: (Name and Address of Defendant)

US Attorney
PO Box 61129
Houston, Tx 77208

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk

6-29-00

CLERK                                          DATE

_[signature]_

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Rodolfo Vargas-Lazarit

v.

E.M. Trominski, INS District Director

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-00-100

TO: (Name and Address of Defendant)

Hon. Janet Reno, United States Attorney General
950 Pennsylvania Ave. N.W. Suite 5111
Washington, D.C. 20530-0001

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk          6-29-00

CLERK                           DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Rodolfo Vargas-Lazaut

v.

E.M. Trominski, INS District Director

SUMMONS IN A CIVIL ACTION

CASE NUMBER: **B-00-100**

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE  6-29-00