13

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1 0 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| RODOLFO VARGAS-LAZARIT | * |
| VS | * C.A. NO. B-00-100 |
| E.M. TROMINSKI, ET AL | * |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Respondents, E.M., Trominski, et al, have filed an Opposed Motion to Dismiss Without Prejudice the Petition for Writ of Habeas Corpus (Docket No. 7). Petitioner, Rodolfo Vargas-Lazarit, has filed a Motion for Summary Judgment requesting this Court to vacate the final orders of deportation issued by the Board of Immigration Appeals (BIA), and remand the case for further proceedings to the BIA, with instructions to remand the case to the Immigration court for further proceedings thereon (Docket No. 8).

### I.

The instant case is one of a series of petitions seeking writs of habeas corpus to set aside certain final orders of deportation, in cases where the Board of Immigration Appeals had concluded that the 1996 amendments to the Immigration Act had retroactively divested the Petitioner of statutory eligibility for relief from deportation under § 212(c) of the Immigration Act, and had ordered the deportation. Approximately thirty-two (32) cases were pending in the Fifth Circuit Court of Appeals and at least twelve (12) cases are

pending in the Brownsville Division of the Southern District of Texas. The question before the Court of Appeals was whether Section 440(d) of ___ the Antiterrorism Affective Death Penalty Act (AEDPA), which restricts eligibility for § 212(c) relief for waivers of deportation under the Immigration Act, applied to everyone whose cases were pending when the Act was enacted.

In the designated lead case, Cantu-Salinas, et al v. Trominski, C. A. B-97-183, the Honorable Filemon B. Vela concluded that AEDPA § 440(d) did not apply to convictions which occurred prior to enactment.

All of the cases pending in the Brownsville Division, including the instant case, were held in abeyance pursuant to an unopposed motion filed by the Government (Docket No. 3) and granted by the District Court (Docket No. 4). The Government's Motion to Hold in Abeyance specifically included the instant case as a case belonging to the class of cases referred to as the Cantu-Salinas series.

II.

While Respondents' appeals from Judge Vela's orders were pending, proposed regulations were promulgated by the government restoring eligibility for § 212(c) relief to those who had been placed in proceedings prior to the enactment of the AEDPA. Federal Register, Vol. 65, No. 138, pp. 44476 - 44481, July 18, 2000. However, as a result of the language contained in the draft regulations limiting their scope to those whose applications which had been denied as a result of the Matter of Soriano, I.D. 3289 (BIA 1966; AG 1997), further litigation ensued. Finally, on January 22, 2001, the Attorney General acquiesced on a nationwide basis in those decisions holding that the AEDPA § 440(d) is

2

not to be applied in the cases of aliens whose deportation proceedings were commenced before the AEDPA enactment.

Soon, thereafter, the Government requested that on the basis of the principle of law expressed in the new regulations, to-wit: that Congress did not intend for AEDPA § 440(d) to apply to cases commenced prior to enactment, the Fifth Circuit Court of Appeals affirmed the memorandum orders vacating the orders of deportation, and remanding the cases to the BIA.

### III.

With the respect to the twelve (12) cases pending in this division, the government opted to file Motions to Dismiss rather than remand the cases (Docket No. 7), notwithstanding an agreement that all cases in the Cantu-Salinas series of cases would be similarly handled. This means that the twelve (12) cases currently pending would be obliged to file motions to reopen, as if no petition for habeas relief had been filed. Additionally, the new regulations set out a "window" in which the petitioners would have to apply to reopen. The deadline for such filings is July 23, 2001.

The parties agree that this case should be returned to the BIA. However, the parties cannot agree on how to resolve the instant case before the District Court. Because of the new regulations, the Petitioner has not exhausted all his administrative remedies and Respondents feel that dismissal without prejudice is appropriate.

### IV.

The Court disagrees. It is clear from the Respondents' Motion to hold this case in abeyance (Docket No. 3) that the instant case is included in the Cantu-Salinas series. It

3

is also clear that an agreement had been entered into by the parties that the resolution of the lead case, Cantu-Salinas, would govern the remaining cases.

Secondly, dismissing the petition, even without prejudice, would affect the Petitioner adversely. The time restrictions announced in the new regulations would make it almost impossible to comply. Conversely, by denying the Government's Motion to Dismiss, the government is not adversely affected since it seeks to reopen petitioner's application anew. Judicial economy dictates that this Court recommend that Respondents' Motion to Dismiss be **DENIED** and that Petitioner's Motion for Summary Judgment be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 6th day of **July, 2001.**

Felix Recio
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| RODOLFO VARGAS-LAZARIT | * |
| VS | *   C.A. NO. B-00-100 |
| E.M. TROMINSKI, ET AL | * |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be ADOPTED.

It is therefore ORDERED, ADJUDGED, and DECREED that the Respondents' Motion to Dismiss be **DENIED** and Petitioner's Motion for Summary Judgment be **GRANTED**.

DONE at Brownsville, Texas, this _____, day of _____ , 2001.

_____
Hilda G. Tagle
United States District Judge

5